**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Russell Allen Beatty, | ) | CASE NO. 5:25 CV 778 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge James E. Grimes Jr. (Doc. 13) recommending that the decision of the Commissioner be affirmed. Plaintiff filed two objections. For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

**FACTS**

Only those facts necessary for a resolution of plaintiff's objection are set forth herein. Plaintiff Russell Allen Beatty ("Beatty") filed an application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in 2022. In 2024, the Administrative Law Judge ("ALJ") issued a written decision, finding that Beatty was not disabled. The ALJ's decision became final on March 5, 2025, when the Social Security Appeal Council declined further review.

On April 17, 2025, Beatty filed a complaint in this Court, seeking review of the Commissioner's final decision. On November 25, 2025, the Magistrate Judge issued an R&R recommending that this Court affirm the Commissioner's decision. Beatty filed objections to the R&R and the Commissioner filed a response.

**STANDARD OF REVIEW**

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[ ]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[ ]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

**<u>ANALYSIS</u>**

Beatty's objections focus on whether the ALJ was required to consider additional limitations to the residual functional capacity ("RFC") based on a form completed by the state agency's psychologist Dr. Hill.

First, as the R&R points out, "Dr. Hill assessed Beatty's RFC and opined that Beatty could 'complete a variety of tasks with no requirement for a rapid pace' and 'work in a setting with occasional changes.'" (Doc. 13 (citing Doc. 7, at 102–03).) In turn, the ALJ explicitly discussed Dr. Hill's opinion, noting that she "opined that [Beatty] could complete a variety of tasks with no requirement for a rapid pace. [Beatty] could work in a setting with occasional changes." The ALJ wrote that he found Dr. Hill's opinion "to be persuasive as it is consistent with the overall record." (Doc. 7, at 28.) The ALJ then incorporated Dr. Hill's opinion in his ultimate RFC by finding that Beatty could complete "simple, routine, and repetitive tasks, but cannot perform tasks which require

a high production rate pace (for example, such as assembly line work), and can respond appropriately to occasional change in a routine work setting." (*Id.* at 22.)

Despite the inclusion of Dr. Hill's opinions in the RFC, Beatty contends that the ALJ failed to consider Dr. Hill's "full set" of functional limitations. The problem, however, is that Dr. Hill did not opine on any other functional limitations. It is true that Dr. Hill completed a form as part of her assessment, which noted additional areas where Beatty was "moderately limited," but, ultimately, Dr. Hill did not include these limitations in her residual functional capacity assessment narrative.

This Court agrees with the R&R's apt observation that the "question-and-rating portion of the form is not Dr. Hill's RFC assessment. Dr. Hill's RFC assessment is found later, in the narrative portion of the form." (Doc. 13, at 15.)  The narrative "is Dr. Hill's opinion on Beatty's concentration, persistence, and pace abilities, and [that] is what the ALJ evaluated." (*Id.* at 16.) Further, "Beatty has not cited any legal authority to support his interpretation of the Agency's forms and what the ALJ must discuss." (*Id.*)[1] For these reasons, Beatty's objection related to the ALJ's inclusion of Dr. Hill's opinion is not well taken.

Beatty also objects to the ALJ's evaluation of his subjective symptoms on the basis that the ALJ could not property weigh them after failing to consider all the limitations set forth in Dr. Hill's opinion. Having found no error concerning Dr. Hill's opinion, this Court also agrees with the R&R's conclusion that the ALJ did not err when evaluating Beatty's reports of limitations.

---

[1] This Court likewise finds no error with the R&R's explanation as to why Beatty's alternative argument and reliance on out-of-circuit case law is unpersuasive.

4

**CONCLUSION**

For the foregoing reasons, the R&R is ACCEPTED and the decision of the Commissioner is

AFFIRMED.


IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge


Date: 3/11/2026